**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-00787-MTS |
| ) | |
| QUIKTRIP #636, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court Plaintiff's Motion to Remand, Doc. [11]. For the reasons stated herein, the Court will deny the Motion.

**I.      Background**

Plaintiff brought suit in the Missouri Circuit Court for the City of St. Louis against Defendant QuikTrip Corporation, named as QuikTrip #636, and "Store Manager John Doe." Doc. [5]. Plaintiff's suit alleges two counts of negligence, one against QuikTrip and one against Doe, stemming from Plaintiff's alleged fall on ice and snow near QuikTrip's entrance. QuikTrip removed the case to this Court pursuant to 28 U.S.C. § 1441 arguing this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Doc. [1]. Plaintiff now seeks to remand this action back to state court because, she argues, there is no diversity of citizenship between the parties. Doc. [11-1].

**II.     Legal Standard**

A defendant may remove an action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. One way in which federal courts have original jurisdiction over an action is through diversity jurisdiction under 28 U.S.C. § 1332(a). A federal

court has diversity jurisdiction under § 1332(a)(1) if the amount in controversy exceeds $75,000 and if no defendant holds citizenship in the same state where any plaintiff holds citizenship. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  When determining whether a civil action is removable on the basis of diversity jurisdiction under § 1332(a), the Court must disregard "the citizenship of defendants sued under fictitious names."  28 U.S.C. § 1441(b)(1).

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). And the Court must resolve doubts about its jurisdiction in favor of remand.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

### III.    Discussion

Plaintiff maintains that QuikTrip has failed to meet its burden that jurisdiction is present in this case because Plaintiff served an individual she believes "may" be Defendant John Doe before QuikTrip removed this action.  Doc. [11-1] at 2.  On June 01, 2021, Plaintiff had the manager of the QuikTrip location at issue, someone by the name of Derek, served.  *Id.*  It is "Plaintiff's belief" that this Derek is the one that "may also be John Doe."  *Id.*  QuikTrip argues that not only was Plaintiff's service of this Derek improper, but that, regardless, this Derek is not the John Doe that Plaintiff named in her suit.

Plaintiff provided a declaration from the Division Personnel Manager for Defendant QuikTrip, Kim Hager, regarding the identity of the Derek that Plaintiff served.  Hager declares that the "Derek" Plaintiff served on June 1 was Derek Stanley, but Stanley, Hager declares, was not the store manager of the QuikTrip location at issue on the date of Plaintiff's alleged injury. Stanley, Hager declares, became the store manager of that location two months *after* the date of Plaintiff's alleged injury.  Hager declares further that no one named Derek worked at the location

at issue on the date of Plaintiff's alleged injury. Plaintiff did not file any reply or otherwise contest these facts. Because QuikTrip has met its burden of demonstrating that the individual served in this action was not Defendant John Doe, the Court must disregard Doe's citizenship. 28 U.S.C. § 1441(b)(1); *Woodbury v. Courtyard Mgmt. Corp.*, No. 4:11-cv-1049-CEJ, 2012 WL 482344, at *2 (E.D. Mo. Feb. 14, 2012) (noting the "Missouri citizenship of defendant Doe" was "not a bar to removal").

### IV.     Conclusion

Because complete diversity of citizenship exists among the real named parties, and the amount in controversy is not contested and plainly met, see doc. [5] ¶¶ 9, 10, this Court has jurisdiction under 28 U.S.C. § 1332(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [11], is **DENIED**.

Dated this 3rd day of December, 2021.

                          MATTHEW T. SCHELP
                          UNITED STATES DISTRICT JUDGE